## MOORE v. HENRY H. CROSS CO.

No. 18881.   Opinion Filed Feb. 26, 1929.

Arden E. Ross and Wm. Blake, for plaintiff in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

FOSTER, C. This action was brought in the common pleas court of Tulsa county by Dale W. Moore, who is plaintiff in error here, to recover from Henry H. Cross Company, defendant in error, for a commission for the purchase of oil. The petition is based upon two counts, but only one is presented in this appeal.

It appears that, on February 16, 1923, at the request of an agent of the defendant, the plaintiff, who was engaged in the business of purchasing agent on commission, wrote a letter to the defendant in which plaintiff suggested that he might be of service to the defendant in buying certain petroleum products, the defendant being a large purchaser of such products. In this letter plaintiff described his method of doing business, the rate of commission charged, and that the orders would be placed direct from the sellers to the defendant, and plaintiff would bill the defendant the first of each month for the purchases covering the past 30 days.

Under this arrangement, the plaintiff purchased considerable oil for the defendant from various companies, and during December, 1924, the following telegrams were exchanged between the parties:

(Telegram of December 15, 1924, from plaintiff to defendant): "Figuring with North Texas refiner who might consider contracting hundred cars fuel month nineteen twenty-five basis seventy-five per cent. thirty-eight gravity crude present posted price dollar twenty-five FOB sellers cars North Texas stop specifications guaranteed twenty-three twenty-six gravity sulphur have or lower around thirty to forty cold test if interested suggest wire immediately while refiner in mood contracting. * * *"

(Telegram of December 17, 1924, from defendant to plaintiff): "Wire reference fuel North Texas hundred cars per month received would this oil be loaded on Orient and is party offering reliable refiner would consider if your commission was included in this and reasonable maximum named advise promptly and have gallon sample this oil forwarded."

(Telegram of December 18, 1924, from plaintiff to defendant): "Negotiating fuel contract with Griswold Oil Corporation Refinery Electra, Texas Orient origination stop Consider them strictly responsible dealing with Eugene Griswold whose father recently died leaving him half million stop If we act quickly without delay waiting for sample might close this contract for you. Basis seventy-two half possibly seventy per cent. Thirty-eight gravity crude without minimum or maximum named stop Can get twenty-four twenty-six gravity stop Have them in notion contracting and they also figuring with others. therefore immediate action necessary stop you should know their fuel Ok stop If close contract under seventy-five per cent, you pay my commission. * * * "

(Telegram of December 19, 1924, from defendant to plaintiff): "Will take contract on hundred cars per month twenty-four twenty-six basis seventy per cent. of crude Orient origination allowing you your commission stop Not interested in the offer for January and February. * * * "

(Telegram of December 21, 1924, from plaintiff to defendant): "Just returned from Wichita Falls and succeeding closing contract with Eugene Griswold basis seventy per cent, thirty-eight gravity crude as posted in North Texas by Prairie or Texas Company date of shipment but name one definite company in your contract and my choice would be Prairie as they more conservative stop Griswold operates two refineries so make order fifty cars per month over nineteen twenty-five to Griswold Oil Corporation for sellers cars Electra Texas and make or-

der same quantity their refinery Wichita Refining Company Wichita Falls stop Specifications twenty-four twenty-six gravity sulphur one-half or lower cold test around thirty to forty stop Per exchange wires you pay my commission one cent per barrel. * * *"

These telegrams, together with the letter of February 16, 1923, are attached to the plaintiff's petition, and are alleged by him to constitute the entire contract; it being the contention of the plaintiff that, under the terms of these telegrams, the defendant was to pay him one cent per barrel for the 1,200 cars mentioned in the contract, which were to be delivered 100 cars per month during the year 1925.

After the telegrams were sent, a confirmation contract was sent by plaintiff to the defendant, the closing provision of which was as follows: "Henry H. Cross Company to pay Moore one cent per barrel commission for negotiating contract."

While there are many assignments of error, we believe the only questions presented by this appeal are: (1) Whether or not the telegrams constitute a plain and unambiguous contract so that the court erred in admitting testimony to explain the circumstances under which it was made and the matter to which it relates; and (2) if such testimony was properly introduced, was the same sufficient to warrant the court in refusing plaintiff relief?

The rule is well recognized, both by our statutes and numerous decisions, that where a contract is in writing and the terms and conditions are clear and unambiguous, the intent of the parties must be determined by the writing as a whole, and extrinsic evidence, is not admissible to alter, vary, change or modify such contract. Article 3, chapter 31, C. O. S. 1921. But, if any ambiguity exists, extrinsic evidence is admissible to show the circumstances under which it is made, and to ascertain the meaning and the intention of the parties as expressed by the contract.

Pursuant to the telegrams above set out, during the months of January, February, March, April, and May, 1925, a large number of cars of oil were shipped to defendant, but not 100 cars per month as mentioned in the telegrams. After May, 1925, no oil was delivered to the defendant from the company mentioned in the telegrams. The plaintiff therefore contends that under the terms of the contract, as set out in the telegrams, he was entitled to collect his commission for the full amount of 1,200 cars, or 11,000,000 gallons, which should have been shipped and sold to the defendant during the year 1925. Defendant contends that he should pay a commission only on the amount which was shipped to him by the two companies mentioned in the contract.

From an examination of the telegrams and the letter of February 16, 1923, we do not believe it appears clear and explicit on what the commission should be based. Whether it was to be based on the face of the contract or the amount actually sold and shipped to the defendant does not appear to be clearly stated in the telegrams, and we think oral testimony was admissible to explain the terms.

The testimony introduced by defendant over objection of plaintiff showed that prior to the exchange of the telegrams, and in pursuance of the letter of February 16th, the defendant had purchased considerable oil and other petroleum products through the plaintiff, and that in each case the defendant was billed for the amount actually sold and shipped to the defendant.

It also appears that, on the first of February, 1925, a statement was sent by plaintiff to defendant for the January commission, and about the first of March a statement was sent by defendant to plaintiff for January and February, 1925, in which the plaintiff computed the amount of oil that was to be sold during the whole year of 1925, and billed the defendant for one-twelfth of it for each of the said months. This bill was corrected when received by the defendant, and a check was sent for the actual amount of oil received, which check was accepted by the plaintiff. The plaintiff rendered statements to the defendant for the four months of January, February, March and April, on a basis of one-twelfth for each month of the amount to be shipped during the whole year as shown by the face of the contract, to wit, about 1,200 cars. This the plaintiff refused to pay, but computed the amount of oil actually received and sent check to the plaintiff for that amount, which checks were accepted.

On March 17, 1925, the defendant wrote a letter to the plaintiff in which he stated that he would pay commission only on the amount of oil actually received. Plaintiff did not reply to this letter.

After receiving and considering all of this testimony, the court made a finding of fact in which it considered the different letters and telegrams exchanged between the parties, and their prior transactions under the letter of February 16th, and found it was necessary to consider all of these transactions to determine what was meant

by the statement of one cent per barrel. And after considering all of the testimony, the lower court came to the conclusion that it was the intention of the parties that the commission should be based upon the amount of oil sold as shown by the actual amount of oil shipped; the substance of the finding of the court being that the sale of the oil was not consummated until the same was actually shipped to the defendant.

We have carefully examined the record and can find no reversible error committed by the court. The plaintiff contends that the effect of parol evidence is to show that a written contract is incomplete, and then by the same evidence to establish the terms of the contract not reduced to writing, which, under the rule, cannot, be done. Page on Contracts (2d Ed.) section 2153, and Thompson v. Libby (Minn.) 26 N. W. 2, and many other cases.

Assuming that parol evidence cannot be used both to show that the written contract is incomplete, and to establish the terms of the contract not reduced to writing, we do not believe that is the situation in the case at bar. There is practically no dispute about any of the facts in this case, the only question being, What was the one cent per barrel based upon? We believe the court had a right to consider previous negotiations between the parties under the letter of February 16, 1923, and also the interpretation placed upon the contract by the parties themselves pursuant to their negotiations during the first months of 1925, where the statements were sent monthly and the payments made by the defendant to the plaintiff were based upon the amount of oil received, ·to which plaintiff made no objection.

It is well settled that contemporaneous construction by parties to a contract, the meaning of which is doubtful, is entitled to great weight, if not controlling upon the courts. Certainly, the terms of this contract were doubtful as to the basis of paying commissions, and the acts of the parties should be considered, and they were properly received in evidence.

Plaintiff further contends that the evidence concerning transactions between the plaintiff and defendant prior to entering into the contract was inadmissible, because the same was not pleaded, on the theory that evidence or custom and usage must be. first pleaded before they can be introduced in evidence. Gilbert v. Citizens Nat. Bank of Chickasha, 61 Okla. 112, 160 Pac. 635;

School Dist. v. Culwell, 62 Okla. 283, 162 Pac. 919; Orient Mutual Life Ins. Co. v. Wright, 1 Wall, 456, 17 L. Ed. 505.

We do not understand that the evidence was for the purpose of showing custom or usage. It was for the purpose of showing former dealings between the parties pursuant to the letter of February 16, 1923. This letter was attached to and made a part of the plaintiff's petition. The cases above referred to are not in point.

Plaintiff next says that no usage can be incorporated into a contract which is inconsistent with its terms. In answer to this, it will be observed that the defendant is not relying upon general usage or custom.

Plaintiff also relies upon the confirmation contract sent to the defendant and retained by him. While the defendant denies ever signing it, his letters indicate his willingness to do so, but we do not believe there is anything in the terms of the contract that should change the conclusion by the trial court.

From an examination of the entire record, we believe the court committed no error in admitting testimony in this case, and that the court's conclusions were correct.

The judgment is therefore affirmed.

BENNETT, LEACH, REID, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Contracts," 13 C. J. §517, p. 546, n. 54. "Evidence," 22 C. J. §1570, p. 1175, n. 44.